## No. 45.

### MANLIUS BOON vs. B. F. O'NEAL.

The verdict of the jury, even as to the facts of the case, has no controlling influence upon the conclusions of this Court. It is its province and duty to reverse such verdict, as well as the judgment of an inferior court, when a careful examination of the record and review of the evidence show that the jury was mistaken as to the facts. To hold otherwise would be defeating the object of the law by which this Court is to review the facts as well as the law of the case.

APPEAL from the Second Judicial District Court, parish of Bossier. *Drew*, J.

*Land & Land* for Plaintiff and Appellant.

*J. A. Snider* for Defendant and Appellee.

The opinion of the Court was delivered by

LEVY, J.    Plaintiff brings this suit to annul the sale to him by defendant of one hundred acres of land, and also to recover the value of certain improvements placed by him on these and other lands, these improvememts being part of the consideration for the sale of the one hundred acres, the value of which enured to defendant and were allowed to him by judgment of this Court in the case of Person vs. O'Neal, decided in 32 An. 228.

The facts upon which the claim is based, may be briefly stated as follows: O'Neal became the purchaser at tax sale in June, 1873, of certain lands belonging to Person, and in June, 1875, sold them to the defendant Boon; shortly subsequent to Boon's purchase, he reconveyed to O'Neal the lands thus acquired.    The consideration of the last mentioned sale, (made without warranty), of the 8th of June, 1875, was the sum of $2850, on credit terms, for which notes were given by the vendee. The lands sold are thus described in said act of sale: " The S. ½ of section 14, S. E. ¼ of section 15, and fractional part of section 22, east of Red River, and S. W. fraction of section 23 of township 17, range 13, in said parish of Bossier, containing 605 acres, with all improvements thereon and appurtenances thereto belonging," being the same bought by O'Neal and Scanland at tax collector's sale on 25th June, 1873.    On the 25th of June, 1875, another act of sale was passed by O'Neal in favor of Boon, for the same lands, and same consideration, and containing certain stipulations not in the act of June, 1875.

On the 21st of February, 1877, Boon executed an act of reconveyance, under private signature, to O'Neal of the following lands: " S. ¼ of section 14, fractional S. E. ¼ section 15, fractional part of section 22, and the fractional section 23, all in township 17 of range 13, east of Red River," the consideration of this reconveyance being therein set forth as, "a title, without warranty, to one hundred acres of land described in a deed of sale made this day by B. F. O'Neal to Manlius Boon, and the surrender of the notes made by Manlius Boon to B. F. O'Neal for the purchase of the Person place."    On the same day, to wit: February 21st, 1877, O'Neal conveyed to Boon " one hundred acres of land, described as follows: N. ½ of S. E. ¼ of section 24 and N. ¼ of the N. ¼ of S. W. ¼ of section 14, in township 17 of range 13, east of Red River, without warranty of title."

It appears that the improvements made upon the Person lands, the value of which was claimed of O'Neal by Person, were by judgment of the Supreme Court, 32 An. 228, allowed as claimed, but the Court decreed them extinguished or compensated by Person's claim for rents, revenues and damages, the one claim offsetting the other.

The evidence satisfies our minds that the improvements thus al-

lowed were made by Boon during his occupancy of the lands and they enured to the benefit of O'Neal in the manner stated by us.

Plaintiff contends that, when he made the reconveyance to defendant, which carried with it the improvements made by him on the lands, and for which O'Neal was paid by the compensation above alluded to, it was of the consideration of one hundred acres of land fronting on Red River; that plaintiff, not only by his statements and assurances created that impression upon his mind, and thus induced the reconveyance, but that he went upon the land and pointed out the same to him; that the land which was conveyed to him by O'Neal as part of the consideration of the reconveyance, was almost entirely worthless for purposes of cultivation, and that he has never occupied or used it, and that the act was conceived by defendant with fraudulent intent, and was accepted by him in error caused by fraudulent and wilfully deceptive representations made to him by defendant. Hence, he claims the annulment of the act of sale to him and that he recover from defendant the value of the improvements made by him on the lands reconveyed to defendant.

Plaintiff is shown by the record to be a man, if not of marked ignorance, at least, far inferior in intelligence to defendant, who is an astute business man, who has held important public offices in his parish and whose position was, perhaps, well calculated to inspire confidence and respect.

As to the pointing out of the hundred acres of land, and actual designation of its locality on the premises themselves by defendant, the plaintiff swears positively that this was done by defendant, while the latter just as positively denies that he did so, and declares that he was unacquainted with the boundaries, if not with the locality of the land described in the act. No direct impeachment of the credibility of either of these witnesses is made, and where there is such a conflict as appears here, we are constrained in order to satisfy our minds as to the facts, to weigh all the circumstances surrounding the case, apply the test of plain practical common sense, consider the motives of the opposing parties, their conduct relative to the affair, and thus reach a correct conclusion and solve the disputed question.

O'Neal nowhere and at no time, as appears in the record, states that he told or intimated to Boon that the lands (the hundred acres) which he proposed to convey to him were swamp or wholly uncleared lands; it does seem, that in view of the then existing and antecedent relations between him and Boon, the continued occupancy of Boon of the land fronting the river, the improvements made by Boon upon this *(lower)* tract as well as on the upper or larger one, which by the reconveyance enured to defendant's benefit and advantage, and which he availed himself of in his contest with Person, the swamp land described

in the act was a wholly inadequate consideration, together with the surrender of the notes given by Boon for land, of the title to which he was so dubious that he was never willing to warrant it. Reviewing all the evidence, we are convinced there was a serious error of fact to the prejudice of the plaintiff, induced by defendant which justifies us in annulling and setting aside the act as prayed for by plaintiff.

Inasmuch, then, as the consideration for the reconveyance is based upon the sale of the one hundred acres of land erroneously conveyed to and accepted by Boon, it must be set aside, and the principles of justice and equity require that there should be a restitution of the rights which were, under the circumstances detailed, surrendered by Boon, and he should be compensated fairly therefor.

The defendant, O'Neal, has himself judicially proven and established the value of the improvements on the lands reconveyed to him, and by his own valuation, solemnly fixed, he must be bound. It will be borne in mind, however, that the notes which Boon had given for the purchase price and the claim for rent were surrendered and relinquished by O'Neal, and that, too, without remuneration to O'Neal for the use and occupation of the property, and for the wood cut thereon. And while Boon is entitled to recover the value of the improvements, which defendant claimed of Person, it is but just and fair that this amount should be credited with the rent of the land and value of the wood cut and disposed of by Boon.

We think, that the plaintiff is entitled to the sum of two thousand nine hundred dollars for the improvements, and from this should be deducted the sum of two thousand dollars for the rent of the lands during their use and occupancy by him, and three hundred dollars for the wood cut by him, leaving a balance of six hundred dollars due by the defendant to plaintiff.

It is urgently contended by defendant's counsel that the verdict of the jury being in favor of him, this should have a controlling influence upon us in regard to the facts upon which the verdict was based. We have high respect for the opinion of the jury, but when on our examination of the record and careful review of the evidence, our conclusions differ from those of the jury, it is alike our province and duty to adopt ours rather than theirs. As we must pass upon the facts as well as the law of the case, the right of appeal from judgments rendered on the verdict of a jury, would be a vain and barren one, if we are to be controlled by such verdict. There is no greater reflection cast upon a jury by overruling its verdict, than by reversing the judgment of an inferior judge, and it must be admitted that infallibility attaches to the decisions of no earthly tribunal, and even "Homer sometimes nods."

It is, therefore, ordered, adjudged and decreed that the judgment

of the lower court, herein, be annulled, avoided and reversed, and proceeding to render such judgment as should have been rendered by the lower court, it is now ordered, adjudged and decreed that the act of February 21st, 1877, from O'Neal to Boon, for the lands therein described, be annulled and avoided, and that the plaintiff do have and recover judgment from the defendant, in the sum of six hundred dollars with legal interest from judicial demand, viz: from the 13th day of April, 1880, with costs in the District Court and costs of this appeal.